FILED 21 FEB '23 09:09 USDC-ORP

John Harper
PO BOX 55695
PORTLAND, OR 97238
Phone | 503-410-1326
Email johnharper@gmx.com
PLAINTIFF IN PRO SE

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JOHN HARPER,<br><br>      Plaintiff,<br><br>vs.<br><br>AMUR EQUIPMENT FINANCE, INC<br>    Defendant<br><br>WATSON & CHALIN MANUFACTERING, INC<br>    Defendant<br><br>ARTISAN AND TRUCKERS CASUALTY COMPANY AND/ OR PROGRESSIVE INSURANCE CORPORATION, INC.<br><br>    Defendant | CASE NO: 3:22-CV-1723-YY<br><br>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST AMUR EQUIPMENT FINANCE, INC. FRCP 56<br><br>LR-56-1 |

**TO: Amur Equipment Finance, Inc.**

    Finance Company who provided service to finance the trailer, keep title as a collateral and refused send title to legal owner John Harper when agreement was paid in full.

PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT
AGAINST AMUR EQUIPMENT FINANCE, INC. FRCP 56

LR-56-1

Pursuant LR 7-1 the parties made good faith effort on February 13, 2023 to resolve the Summary Judgment via telephone conference, but have unable to resolve the issues. Defendant denied plaintiff's offer to settle this matter.

Pursuant LR-56-1 Plaintiff John Harper submits the following Summary Judgment Against Amur Equipment Finance Inc.

## FOR THE RECORDS

On January 9, 2023 Plaintiff John Harper request to set for the trial on March or April of 2023. *See Exhibit #1p.1,2,3.* On conference ADR dated January 31, 2023 Honorable Magistrate Judge Youlee Yim You deny Plaintiff's request to set a trial on March or April. *See Exhibit #2p1.*

US Constitution 14 Amendments states: *Emphasis added:*

> *All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State where they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United State; nor without due process of law; nor deny any person within its jurisdiction the equal protection of the laws.*

<u>Denials of trial denial of due process, Harper's Constitutional Rights were violated by Court.</u>

## FACTS AND BACKGROUND

On February 3, 2022 the trailer was loaded at Port of Tacoma, Washington by excavators and destination for that load was Hudson, New Hampshire (routine trips). On February 4, 2022 the warranty parts were failed in the state of the Wyoming while heading on I – 80 easts and the fire damaged the trailer and the cargo. Harper stopped disconnected truck from trailer and

pull forward from trailer, than set up ramps and remove one excavator from trailer while was on fire to avoid more explosion from excavator's fuel tank. The excavators and the trailer were towed to Bradshaw towing 321 Bradshaw St. Lyman, WY 82937.The excavators were reloaded to another truck and continue their trip to Hudson New Hampshire. Cargo were damaged but were able to move by itself. The trailer was left at Bradshaw towing 321 Bradshaw St. Lyman, WY 82937 for further investigation, inspection and replacement by warranty. The trailer was relocated illegally, without Harper's agreement and permition. Stolen trailer police report was filed on March 30, 2022. *See Doc.* ¶*1.p48.*

The trailer 2020 Doonan Chaparral II Drop Deck Trailer Vin#1D9BG5532XL1609882. The failed rear axle Serial # WC 1903220003 that was installed on the trailer was produced by Watson & Chelin Manufacturing, Inc. 725 E. University Drive McKinney, Texas 75069. Trailer was built at Doonan Specialized Trailers at 36 NE Hwy 156 Bldg. B Great Bend, Kansas 67530. Trailer was purchased at Walker Trailer Sales 445 Industrial Blvd. LaVergne, Tennessee 37086 on December 4, 2020, relocated to Oregon and registered on May 24, 2021 at Oregon State. The axle damaged trailer and cargo was on warranty for five years. *See Doc.* ¶*1. P.34.*

Mr. Harper has brought claims against Amur Equipment Finance, Inc., the party who financed the Trailer. Amur is a lienholder were paid in full according to financial agreement in the amount of $76,873.68. *See Exhibit #3, 5, 6, p1.2.* Before amount was paid in full. Amur committed a crime send Harper's properties (title) to Artisan Insurance Company and refused to send title to legal owner John Harper.(no title no money):

## STATEMENT OF THE FACTS AND POINT OF AUTHORITIES

29 U.S. Code § 1109 – Liability for Breach of Fiduciary Duty

PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT
AGAINST AMUR EQUIPMENT FINANCE, INC. FRCP 56

LR-56-1

ORS 646A. 787 Fiduciary responsibilities.  ORS 646 A 781(2) (b) Refund;

ORS 31.730(1) Standard for award punitive damage.

The defendant Amur organized chain reaction for trailer disappearance by illegally mail title to Artisan Insurance Company without Harper's authorization intentionally in order to obtain extraordinary mutual gain from Insurance Artisan in the amount of $52,534 (Bribe). Amur committed a crime by send my properties (title) to Artisan without Harper's authorization while Mr. Harper continue to pay periodic payment. *See Exhibit #4.p1*.  Defendant Amur demonstrate fraudulent, negligent, conspiracy, misrepresentation and unlawful conduct. Pursuant ORS 31.730 punitive damage should be granted.

Collateral agreement #955628 were paid in full $76,873.68 to Amur on/or about September 12, 2022. S*ee Exhibit# 3.p1*. Amur refused to return title to legal owner John Harper. Amur violated finance agreement ORS 646A781 (2) (b) *Emphasis Added:*

*…Or if the finance agreement terminates for a reason other than the borrower's satisfaction of the obligation set forth in the finance agreement, any refund due as a consequence of the termination may be **(b)** ….If the borrower has paid the obligation <u>in full, the creditor shall pay to the borrower the refund.</u>*

Pursuant to ORS 646A781 (2) (b) Plaintiff John Harper request court to grants the refund in the amount of $76,873.68.

Plaintiff John Harper requested defendant to return title or refund money before the Lawsuit was filed many times. *See Declaration of John Harper*. The defendants organized chain reaction for trailer disappearance intentionally in order to obtain extraordinary mutual gain.

Defendants demonstrate fraudulent, negligent, conspiracy, misrepresentation, unlawful conduct, has acted with malice, show a reckless, highly unreasonable risk. Pursuant ORS 31.730(1) Harper request court to grant punitive damage in the amount of $307,494.72

## MEMORANDUM OF POINTS AND AUTHORITIES
## TO DENY ATTORNEYS FEE

Pursuant to 28 US Code § 1927 – Counsel's liability for excessive costs and/or FRCP 54(E) and/or LR 54-3(d) any defendant attorney fee and or litigation fees should be deny. All attorney expenses are excessive, unreasonably, self-fault and self-gain and /or job security for attorneys to extend frivolous defense for current and another year. Harper's title was captured, trailer was stolen, and warranty was not cover. Defendants were offered to resolve issues before court. *See Declaration of John Harper*. Attorneys instead to resolve this matter created job security for themselves and create more hardship for plaintiffs and their own defendant clients.

### NOTE

Plaintiff's Constitutional rights were violated by court by denial to set a Trial on March or April of 2023 as plaintiff requested. Defendants already committed the crimes and now looking for excuses of their crimes. Plaintiff John Harper reserves the rights to reply, amend, and supplement any pleading any time.

**THEREFORE:**

A.  Pursuant to ORS 646A.781 (2)(b) Plaintiff John Harper requests a Court to Grant refund in the amount of $76,873.68.

B.      Pursuant to ORS 31.730(1) Plaintiff John Harper requests a Court to Grant Punitive damage in the amount of $307,494.72.

C.      Pursuant LR-54-3(d) Plaintiff John Harper requests a Court to deny for any and all defendant attorney's fees and litigations fees.

Dated this 17 day of February, 2023

_____
Plaintiff John Harper In Pro Se

PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT
AGAINST AMUR EQUIPMENT FINANCE, INC. FRCP 56

LR-56-1

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I served the foregoing **Plaintiff's Motion for Summary Judgment Against Amur Equipment Finance, Inc** by causing a full, true and correct copy thereof to be served on the following individuals in the following method(s):

TO COURT MAIL HARD COPIES. PARTIES WILL BE SERVED BY EMAILS. HARD COPY UPON REQUEST.

| | |
|---|---|
| MB LAW GROUP, LLP<br>Michael A. Yoshida<br>John W. Knottnerus<br>117 SW Taylor St. Suite 200<br>Portland, OR 97204<br>Email: myoshida@mblglaw.com<br>       jknottnerus@mblglaw.com<br>*Attorneys for Defendant Watson & Chalin Manufacturing, Inc.* | ☐ First class mail, postage prepaid<br>☑ Email/ECF |
| Eric J. Neal<br>Lether Law Group<br>1848 Westlake Ave. N. Suite 100<br>Seattle, WA 98109<br>Email: eneal@letherlaw.com<br>*Attorneys for Defendant Artisan and Truckers Casualty Company* | ☐ First class mail, postage prepaid<br>☑ Email/ECF |
| Holly C. Hayman<br>Margot D. Seitz<br>Farleigh Wada Witt<br>121 SW Morrison St., Suite 600<br>Portland, OR 97204<br>Email: hhayman@fwwlaw.com<br>       mseitz@fwwlaw.com<br>*Attorneys for Defendant Amur Equipment Finance, Inc* | ☐ First class mail, postage prepaid<br>☑ Email/ECF |

Dated: February 17, 2023

/s/ John Harper
John Harper
PO Box 55695
Portland, OR 97238
Email: johnharper@gmx.com
*Pro se Plaintiff*

John Harper
PO BOX 55695
PORTLAND, OR 97238
Phone | 503-410-1326
Email johnharper@gmx.com
PLAINTIFF IN PRO SE

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JOHN HARPER, <br><br> Plaintiff, <br><br> vs. <br><br> AMUR EQUIPMENT FINANCE, INC <br> Defendant <br><br> WATSON & CHALIN MANUFACTERING, INC <br> Defendant <br><br> ARTISAN AND TRUCKERS CASUALTY COMPANY AND/ OR PROGRESSIVE INSURANCE CORPORATION, INC. <br><br> Defendant | CASE NO: 3:22-CV-1723-YY <br><br><br> PLAINTIFF'S MOTION REQUESTING TO SCHEDULE A TRIAL LR 40-1 |

TO: ALL DEFENDANTS.

Plaintiff John Harper submits the following Motion Requesting to Schedule a Trial pursuant LR 40-1. On March or April of 2023.

EXHIBIT 1
PAGE 1

PLAINTIFF'S MOTION REQUESTING TO SCHEDULE A TRIAL LR 40-1

PAGE 1

## LR 7-1 CERTIFICATE OF COMPLIANCE

Pursuant LR 7-1 On dated January 6, 2023. The parties made good faith effort to resolve the motion via telephone conference, but have been unable to resolve the issues. Amur and Artisan participate the conference. W&C did not attend conference based on frivolous motion for dismissal based on jurisdictions.

## TRIAL OPTIONS

Possible trial may be split it on different time and dates for each defendant by court discretion.

## JOINT STATUS REPORT- COMMENTS

On dated January 6, 2023. The parties made good faith effort to resolve the motion via telephone conference, but have been unable to resolve the issues. Full agreement was only between Amur and Artisan. Harper partially agrees. *See Exhibit# 1.* W&C did not participating the conference. Other parties had no legal rights to respond on behave of any other party included W&C.

## FEDERAL MAGISTRATE ACT

Under the Federal Magistrates Act Plaintiff John Harper request Honorable Judge accept, reject and/or modify the complaint.

## DISCOVERY

On January 6, 2023 Amur and Artisan on conference stated - the respond will be filed on or before February 5, 2023 on Plaintiff's First Request of Production Documents and Plaintiffs First Request for Admition that was served on or about November 17, 2022. Harper has no abjections on that dates. W&C refused, reject and deny any participation based on frivolous

PLAINTIFF'S MOTION REQUESTING TO SCHEDULE A TRIAL LR 40-1

PAGE 2

EXHIBIT ___1___
PAGE ___2___

motion to dismiss based on jurisdiction. Plaintiff provides any requested information related to this matter to any party upon request. Conference is not required.

## MOTION FOR COMPEL – COMMENTS

Motion to Compel was filed by Harper on December 27, 2022. Artisan filed "Response in Opposition to motion to Compel" on January 5, 2023. I request court to keep HOLD "Motion to Compel" Amur and Artisan confirmed their responds will be on or before February 5, 2023. I have no objections on that dates.

## NOTE

Plaintiff John Harper reserved the rights for oral respond in open court on trial date included but not limited on any counterclaims and any pleadings. Harper reserved the rights to bring this case attention to the public.

## CONCLUSION

I request the court to schedule a trial on March or April of 2023.

Dated this 9 day of January, 2023

*/s/ John Harper*
Plaintiff John Harper In Pro Se

PLAINTIFF'S MOTION REQUESTING TO SCHEDULE A TRIAL LR 40-1

PAGE 3
EXHIBIT __1__
PAGE __3__

# U.S. District Court

## District of Oregon

### Notice of Electronic Filing

The following transaction was entered on 1/31/2023 at 1:55 PM PST and filed on 1/31/2023
**Case Name:**        Harper v. Amur Equipment Finance, Inc et al
**Case Number:**    3:22-cv-01723-YY
**Filer:**
**Document Number:** 40(No document attached)

### Docket Text:
**MINUTES of Proceedings**: Telephonic Rule 16 Conference held on January 31, 2023. The parties expressed that they would like a trial date in February 2024. If the parties file consents to magistrate judge jurisdiction by February 7, 2023, a trial date will be set. Otherwise, the court will schedule dates for the completion of discovery and filing of dispositive motions. Plaintiff John Harper appearing *pro se*. Holly Hayman present as counsel for Defendant Amur Equipment Finance, Inc. Michael Yoshida present as counsel for Defendant Watson & Chelin Manufacturing, Inc. Eric Neal present as counsel for Defendant Artisan and Truckers Casualty Co.. Court Reporter: None. Magistrate Judge Youlee Yim You presiding. *(Deposited in outgoing mail to pro se party on 1/31/2023.)* (pvh)

**3:22-cv-01723-YY** Notice has been electronically mailed to:

John W. Knottnerus    jknottnerus@mblglaw.com, adarling@mblglaw.com, skuehn@mblglaw.com

Michael A. Yoshida    myoshida@mblglaw.com, adarling@mblglaw.com, skuehn@mblglaw.com

Margot D. Seitz    mseitz@fwwlaw.com, gbosworth@fwwlaw.com, kmuir@fwwlaw.com

Eric Jay Neal    eneal@letherlaw.com, dsheehan@letherlaw.com, filing@letherlaw.com, genrico@letherlaw.com, jmerrill@letherlaw.com, jtustison@letherlaw.com, kkashimoto@letherlaw.com, nschulz@letherlaw.com, scolito@letherlaw.com

Holly C. Hayman    hhayman@fwwlaw.com, cmayfield@fwwlaw.com, shurst@fwwlaw.com

**3:22-cv-01723-YY** Notice will **not** be electronically mailed to:

John Harper
PO Box 55695
Portland, OR 97238

EXHIBIT  2
PAGE  1

```
PMRLSPMT                                        01 AMUR EQUIP FINANCE                                          Page      1
Operator: KO                                 Payment History Report - Detail                            June 10, 2022  10:46 AM
                                                    As of 06/10/2022
```

Contract Number:       955628                          Term of Contract:      72 Months          Regular Payment Amount:        1,209.88
Customer:              John Harper d/b/a Bee Squad     Payment Frequency:     Monthly            Total Scheduled Payments:     76,873.68
Address Line 1:        27010 Old Rainier Rd            Payment Structure:     Irregular          Total Amount Applied:         73,243.99
Address Line 2:                                        Commencement Date:     01/10/21           Current Schedule Balance:      3,629.69
City, State, Zip:      Rainier, OR 97048-2920          First Payment Date:    01/10/21           Unapplied Cash:                     .00
Equipment Description: 2020 DOONAN 532ABLFDINMZ        Maturity Date:         10/10/22           Security Deposit:                   .00
                                                                                                 Equipment Cost:               54,472.92

| Trx No. | Effective Date | Pmt Due Date | Dys Lt | Check Number | Transaction Amount | T | Contract Payment | Sales Tax | Property Tax | Late Fees | Misc/Other | T C | Equipment Purchase | Security Deposit | Unapplied Cash | Schedule Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 12/03/20 | 1/10/21 | | 955628 | 640.00 | P | .00 | .00 | .00 | .00 | 640.00 | | .00 | .00 | .00 | |
| 2 | 12/03/20 | 1/10/21 | | 955628 | 50.00 | P | 50.00 | .00 | .00 | .00 | .00 | | .00 | .00 | .00 | 76,873.68 |
| 3 | 1/10/21 | 1/10/21 | | 1 | 1,017.69 | P | 1,017.69 | .00 | .00 | .00 | .00 | | .00 | .00 | .00 | 76,823.68 |
| 4 | 2/10/21 | 2/10/21 | | 2 | 1,067.69 | P | 1,067.69 | .00 | .00 | .00 | .00 | | .00 | .00 | .00 | 75,805.99 |
| 5 | 3/10/21 | 3/10/21 | | 3 | 1,067.69 | P | 1,067.69 | .00 | .00 | .00 | .00 | | .00 | .00 | .00 | 74,738.30 |
| 6 | 4/10/21 | 4/10/21 | | 4 | 1,067.69 | P | 1,067.69 | .00 | .00 | .00 | .00 | | .00 | .00 | .00 | 73,670.61 |
| 7 | 5/10/21 | 5/10/21 | | 5 | 1,067.69 | P | 1,067.69 | .00 | .00 | .00 | .00 | | .00 | .00 | .00 | 72,602.92 |
| 8 | 6/10/21 | 6/10/21 | | 6 | 1,067.69 | P | 1,067.69 | .00 | .00 | .00 | .00 | | .00 | .00 | .00 | 71,535.23 |
| 9 | 7/10/21 | 7/10/21 | | 7 | 1,067.69 | P | 1,067.69 | .00 | .00 | .00 | .00 | | .00 | .00 | .00 | 70,467.54 |
| 10 | 8/10/21 | 8/10/21 | | 8 | 1,067.69 | P | 1,067.69 | .00 | .00 | .00 | .00 | | .00 | .00 | .00 | 69,399.85 |
| 11 | 9/10/21 | 9/10/21 | | 9 | 1,067.69 | P | 1,067.69 | .00 | .00 | .00 | .00 | | .00 | .00 | .00 | 68,332.16 |
| 12 | 10/10/21 | 10/10/21 | | 10 | 1,067.69 | P | 1,067.69 | .00 | .00 | .00 | .00 | | .00 | .00 | .00 | 67,264.47 |
| 13 | 11/10/21 | 11/10/21 | | 11 | 1,067.69 | P | 1,067.69 | .00 | .00 | .00 | .00 | | .00 | .00 | .00 | 66,196.78 |
| 14 | 12/10/21 | 12/10/21 | | 12 | 1,067.69 | P | 1,067.69 | .00 | .00 | .00 | .00 | | .00 | .00 | .00 | 65,129.09 |
| 15 | 1/10/22 | 1/10/22 | | 13 | 1,067.69 | P | 1,067.69 | .00 | .00 | .00 | .00 | | .00 | .00 | .00 | 64,061.40 |
| 16 | 2/10/22 | 2/10/22 | | 14 | 1,067.69 | P | 1,067.69 | .00 | .00 | .00 | .00 | | .00 | .00 | .00 | 62,993.71 |
| 17 | 3/10/22 | 3/10/22 | | 15 | 1,067.69 | P | 1,067.69 | .00 | .00 | .00 | .00 | | .00 | .00 | .00 | 61,926.02 |
| 18 | 3/18/22 | 4/10/22 | | 445911 | 53,599.00 | P | 53,599.00 | .00 | .00 | .00 | .00 | | .00 | .00 | .00 | 60,858.33 |
| 19 | 4/10/22 | 4/10/22 | | 16 | 1,209.88 | P | 1,209.88 | .00 | .00 | .00 | .00 | | .00 | .00 | .00 | 7,259.33 |
| 20 | 5/10/22 | 5/10/22 | | 17 | 1,209.88 | P | 1,209.88 | .00 | .00 | .00 | .00 | | .00 | .00 | .00 | 6,049.45 |
| 21 | 6/10/22 | 6/10/22 | | 18 | 1,209.88 | P | 1,209.88 | .00 | .00 | .00 | .00 | | .00 | .00 | .00 | 4,839.57 |
| | Total: | | | | 73,883.99 | | 73,243.99 | .00 | .00 | .00 | 640.00 | | .00 | .00 | .00 | 3,629.69 |

*Handwritten annotations:*

7/10/22 + $1,209.88
8/10/22 + $1,209.88
9/10/22 + $1,209.93  final payment.

Total $76,873.68.

EXHIBIT 3 PAGE 1

AMUREF000083


**AMUR**

| Customer Name | Transaction No. | Contract No. |
|---|---|---|
| John Harper | 118261 | 955628 |

## INSURANCE GUARANTY OF TITLE

Insurance Agency:     Progressive Insurance Company

**Amur Equipment Finance**, Inc. agrees to cause its affiliate, **Axis Title, LLC**, to release the Title(s) for the Titled Equipment listed below, which we had financed for the above-referenced Customer and has been deemed a total loss by you.

The Title(s) will be released upon receipt in full to us of a payment in the amount of $52,534.00 and be mailed within five business days if funds are received by wire and 10 business days if the funds are received by check. We will mail the Title(s) via regular mail to you unless you request an alternative service at your expense. The customer owes the remaining balance of $5,330.47

### Titled Equipment

| Year | Manufacturer | Model | VIN/Serial Number |
|---|---|---|---|
| 2020 | DOONAN | 532ABLFDINMZ | 1D9BG532XL1609882 |

This is the address we have on record for you:

| | |
|---|---|
| Name | National Salvage Unit |
| Contact | Dennis Livingston |
| Address | 5920 LANDERBROOK DR. MAYFIELD HEIGHTS, OH 44124 |
| Phone No. | (440) 556-2988 |

If it needs to be changed, contact us at (800) 994-0016 or AEFInsurance@goamur.com.

**Execution.** This document may be signed via digitally generated signatures and all signatures so generated, as well as those transmitted by facsimile, email, digital photography or other electronic means, shall for all purposes be deemed effective, binding, legally admissible and have the same effect as a manually applied ink signature.

### AMUR EQUIPMENT FINANCE, INC.

| | |
|---|---|
| Signature | *[signature]* |
| Printed Name | Nick Dillon |
| Title | Titling/Insurance Supervisor |
| Date | February 24, 2022 |

EXHIBIT  4
PAGE  1

## Equipment

2020 DOONAN 532ABLFDINMZ
27010 Old Rainier Rd
Rainier, OR 97048-2920

## Customer Information

John Harper
27010 Old Rainier Rd
Rainier, OR 97048-2920

## Primary Guarantor

John Harper
(503) 410-1326
johnharper@gmx.com

Questions or updates to this contract? Let us know and we'll give you a call within forty-eight hours.

**PLEASE CONTACT ME**

## Payment Amount Due

| | |
|---|---:|
| | **$0.00** |
| Your Next Payment is Due on: | January 10, 2021 |
| Past Due Amount: | $0.00 |

**PAY ONLINE WITH eBILL (https://ww2.e-billexpress.com/ebpp/AmurEF/)**

## General Balance:

| | |
|---|---:|
| | $76,873.68 |
| Total Term: | 72 |
| Payments Made: | 0 |
| Payments Remaining: | 72 |
| Periodic Payment: | $0.00 |
| Sales Tax: | $0.00 |
| Insurance: | $0.00 |
| Start Date: | 10/27/2020 |
| Maturity Date: | 1/10/2027 |

General balance does not reflect your payoff amount due or include additional fees or sales tax. Please contact us for a payoff balance.

**REQUEST PAYOFF AMOUNT**

Payments made in the last 24 hours may not be reflected. Data is 15 minutes delayed.
Requested December 7, 2020 2:16 AM

EXHIBIT 5
PAGE 1

DocuSign Envelope ID: 4849035E-2FF9-4FB0-9DDF-61D7601F3949

THIS IS A COPY
The Authoritative Copy of this record is held at NA3.docusign.net


AMUR

204 W 3rd ST
GRAND ISLAND, NE 68801
308-398-4140
309-398-4141 FAX
www.amuref.com

# EQUIPMENT FINANCE AGREEMENT

**Agreement No. 955628**
**Customer No. 128486**

| DEBTOR ("you" or "your"): John Harper d/b/a Bee Squad | STREET ADDRESS: 27010 Old Rainier Rd | CITY: Rainier | STATE, ZIP: OR, 97048-2920 | SUPPLIER: See Schedule A |
|---|---|---|---|---|
| COLLATERAL LOCATION (if different from above): 27010 Old Rainier Rd  Rainier, OR 97048-2920 | BUSINESS PHONE: (503) 410-1326 | EMAIL ADDRESS: johnharper@gmx.com | | COLLATERAL ("Collateral"): See Schedule A |
| TERM (in months): 72 | | PAYMENT AMOUNT: $1,067.69 | | |

**1. Agreement.** Amur Equipment Finance, Inc. ("Secured Party", "we", "us" or "our") agrees to lend to Debtor and you agree to borrow from us an amount for the financing of the Collateral. Amounts received by us under this Equipment Finance Agreement ("EFA") shall be applied as we determine. This EFA has an interim term ("Interim Term") and an initial term ("Initial Term"). The foregoing collectively the "Term". The Interim Term starts on the date we fund the purchase price of the Collateral following your acceptance of it. The Initial Term starts on the billing date specified by us ("Commencement Date"). You agree to pay us: (a) payments (each a "Payment") shown above during each month of the Initial Term; the first Payment is due on the Commencement Date, and (b) all other amounts that become due under this EFA, including 1/30th of a Payment for each day of the Interim Term. You authorize us to adjust the Payment if the final cost of the Collateral or tax is different from that on which such Payment is based by up to 15% or to decrease without limit to reflect the changes in the final amount paid to the supplier. Any amount not paid within 10 days of when due is subject to a late charge of the lower of (i) the greater of 10% or $25.00, or (ii) the highest amount allowed by law.

**2. Grant of Security Interest.** You hereby grant to us a security interest in the Collateral and all proceeds to secure all of your obligations under this EFA. Disclaimer of Warranties and Claims. We make no representation or warranty as to any matter whatsoever including the merchantability or fitness for a particular purpose of the Collateral. This EFA is irrevocable. Your obligation to pay all amounts payable hereunder is absolute and unconditional and will not be subject to any reduction, setoff, defense, counterclaim, deferment or recoupment for any reason. You acknowledge you selected the Collateral and the Supplier and the Supplier is not our agent nor are we its agent. You agree the Collateral will only be used for commercial or business purposes only and in compliance with law.

**3. Collateral.** You will not modify or change location of the Collateral without our prior consent and allow us to inspect it upon our request. At your expense you will maintain the Collateral in good operating condition and repair. You will keep the Collateral free and clear from all liens and encumbrances. Titled Collateral will be titled and/or registered as we direct. You are responsible for any damage or destruction of the Collateral. You will at our election repair the Collateral at your expense or pay to us amounts then due and owing plus the total of all unpaid Payments for the Term discounted to their then present value (determined at a discount rate of 3% per annum) as of the date such amount is received by us. You will indemnify and hold us, our members, managers, employees or assigns harmless against any claims, costs, expenses, damages and liabilities, in any way relating to the Collateral.

**4. Fees and Taxes.** You are responsible to pay when due all taxes, fees, assessments and other governmental charges of any type, including all personal property, excise, use, sales, recording, stamp and other taxes (excluding our income taxes), as well as all fines, interest and penalties arising from this Agreement or the Collateral. If we, in our sole discretion, are required to pay any such taxes directly to the appropriate taxing authority on your behalf, you agree to promptly reimburse us. You also agree to pay us documentation fees and all other fees we deem necessary.

**5. Insurance.** During the Term you will maintain insurance we specify on the Collateral. If you do not provide us satisfactory proof of insurance, we may, but are not required to, buy such insurance for our benefit and add charges which may result in a higher premium you would pay if you obtained insurance, plus an interest charge.

**6. Default and Remedies.** If any one of the following occurs, you will be in default: (i) you fail to pay any amount due under this Agreement or any other agreement entered into by you and held or serviced by us when due, (ii) you cease doing business, admit your inability to pay your debts, or you file or have filed against you a petition under the Bankruptcy Code, (iii) you breach any other obligation of yours contained in this Agreement, or (iv) any of the above events of default occur with respect to any guarantor. Upon your default, we may do any or all of the following: (a) terminate this EFA, (b) take possession of the Collateral; you irrevocably waive any security required of us in the event we take possession of the Collateral and require you to deliver it to us at your expense to a location designated by us, (c) declare all sums due and to become due hereunder immediately due and payable, all future payments discounted to their then present value (determined at a discount rate of 3% per annum); (d) sell, dispose of, hold, or lease the Collateral, (e) exercise any other right or remedy which may be available to us under applicable law. You shall reimburse us for all costs we incur when enforcing our rights including our attorneys' fees and costs of repossession, repair, storage, and remarketing of the Collateral. A waiver of default will not be a waiver of any other or subsequent default. Default interest will be charged on the unpaid calculation in clause (c) above in this Section at the lower of the 18% per annum or the highest amount allowed by law.

**7. General.** This EFA shall be governed and construed under the laws of the State of Nebraska without reference to its principles of conflicts of laws. You consent to the non-exclusive jurisdiction of courts located in Nebraska in any action relating to this EFA. You waive any objection based on improper venue and/or forum non conveniens and waive any right to a jury trial. You irrevocably grant us the right to make such filings under the Uniform Commercial Code as we deem necessary. You will not assign your rights under this EFA or permit the Collateral to be used by anyone other than you. We may assign this EFA, in whole or in part, without notice to you or your consent. You agree that our assignee will have the same rights and benefits that we have now, but not be subject to any claims, defenses or set offs you may have against us. This EFA sets forth the entire understanding of the parties with respect to the subject matter and may only be amended in writing signed by both parties. Any amount we bill or collect in excess than what is allowed by law (including usury laws, if applicable) shall be deemed a mistake and we will respectively, reduce any such excess amount to the maximum permitted by law or apply it against your obligations. You represent and warrant to us that all information conveyed to us in connection with this EFA and all related documents whether by you, a guarantor, the supplier or any other person, is true, accurate, complete and not misleading. This EFA may be executed in separate counterparts which together shall be the same instrument. All fees may not only cover our costs but may include a profit. If Debtor constitutes more than one person, the liability of each shall be joint and several. Debtor authorizes Secured Party or their assigns to obtain a personal credit report on all principals and guarantors for credit purposes. Debtor also agrees to release any credit information requested by Secured Party, which may include business or personal banking, mortgage, tax returns, landlord, trade or finance information. A facsimile of this EFA agreement may be the equivalent of an original. Debtor authorizes Amur Equipment Finance, Inc. to insert or correct the Debtor name, address, equipment location, or signature date. THIS EFA WILL BE NON-CANCELABLE FOR THE FULL TERM. Any notice given hereunder shall be in writing and deemed given two business days after being deposited with the US Postal Service, first class postage prepaid, and addressed to the recipient at its address set forth above or such other address given to the sender by written notice.

By execution of this Equipment Finance Agreement, the undersigned Debtor hereby certifies he/she is elected and authorized to negotiate, procure, and execute an Equipment Finance Agreement on behalf of the Debtor and any documentation covering such agreement. By signing below Debtor irrevocably accepts delivery of the Collateral under the Equipment Finance Agreement and irrevocably authorizes Secured Party to pay the Supplier on behalf of the Debtor.

| Debtor Name: | John Harper d/b/a Bee Squad | ACCEPTED BY SECURED PARTY: | Amur Equipment Finance, Inc. |
|---|---|---|---|
| Signature: | *John Harper* (DocuSigned by: 56BA4343C646472...) | Signature: | *Jenny Wilson* (DocuSigned by: A76198CA36584BA...) |
| Printed Name and Title: | John Harper, Owner | Printed Name and Title: | Jenny Wilson   VP, Docs/Funding |
| Date: | 11/25/2020 | Date: | 12/14/2020 |

**Continuing Guaranty:** You (jointly and severally if more than one guarantor) unconditionally guarantee to us and our assigns the payment and performance when due of all of the obligations of the Debtor under this EFA and all related documents executed by the Debtor ("Agreements"). We may proceed against you before proceeding against the Debtor, the Collateral or enforce any other remedy. Notwithstanding any changes made to the Agreements in our dealings with Debtor, this Guaranty will remain in effect as changed even if you are not notified of the changes and/or the Agreements are no longer enforceable against the Debtor. You waive all suretyship defenses, presentments, demand for performance, notices of protest, dishonor, and/or acceptance of this Guaranty and all other notices to which you may have any right. You agree to pay us all our expenses in enforcing this Guaranty. You may not assign this Guaranty without our written consent. The governing law and venue provisions of the EFA shall apply to any action to enforce this Guaranty. You consent to our conducting a credit evaluation of you from all sources, periodically updating it and sharing the results with others.

| Guarantor Signature: | *John Harper* (DocuSigned by: 56BA4343C646472...) | Guarantor Signature: | |
|---|---|---|---|
| Printed Name: (no titles) | John Harper | Printed Name: (no titles) | |

**AUTHORIZATION FOR ACH PAYMENTS:** Debtor authorizes you, your successors and assigns to automatically initiate and make debit entry charges to Debtor's bank account indicated below for the payment of all amounts owed by you under the EFA. This Authorization is to remain in effect during the Term of the EFA. Any incorrect charge will be corrected upon notification to us, by either a credit or debit to Debtor's account.

| Bank Name: | Key Bank | Acct Holder Name: | John Harper DBA Bee Squad |
|---|---|---|---|
| Account No: | ████1836 | Routing No: | 123002011 |
| Authorized Signature: | *John Harper* (DocuSigned by: 56BA4343C646472...) | Printed Name and Title: | John Harper, Owner |

EXHIBIT 6
PAGE 1

DocuSign Envelope ID: 4849035E-2FF9-4FB0-9DDF-61D7601F3949

THIS IS A COPY
The Authoritative Copy of this record is held at NA3.docusign.net

## SCHEDULE A TO TRANSACTION 118261

**EFA Agreement No. 955628**

This Schedule represents an integral part of the EFA referenced by the Agreement Number above.

For the purposes of this EFA, Collateral shall refer to the following Equipment, whether now owned or hereafter acquired, together with all personal property installed in, affixed to or used in connection therewith and all present or future: (i) additions, accessories, accessions, attachments, parts, supplies, related software, intellectual property, rights, licenses and improvements thereto; (ii) substitutions, renewals, replacements and purchase options thereof; (iii) insurance, warranty, and other third-party claims; (iv) Debtor's rights in connection with a third-party's use of such equipment under a sublease, rental or similar agreement; (v) proceeds and product in any form (including but not limited to insurance and sale proceeds) of each of the foregoing, whether it be cash, non-cash or in any other form; and (vi) to the extent the equipment identified herein is construed as or deemed inventory, that inventory and all accounts, accounts receivable, cash proceeds and all other proceeds related thereto or derived therefrom.

### Equipment

| Year | Manufacturer | Model | VIN/Serial Number | Equipment Location | Vendor |
|---|---|---|---|---|---|
| 2020 | DOONAN | 532ABLFDIMMZ | 1D9BG532XL1609882 | 27010 Old Rainier Rd, Rainier, OR 97048-2920 | Walker's Trailer Sales, L.L.C. |

COPY VIEW

EXHIBIT 6
PAGE 2